IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FRED T. McCLAIN )
) No. 3-07-0160
v. )
)
SOCIAL SECURITY )
ADMINISTRATION[1] )

TO: Honorable Thomas A. Wiseman, Jr., Senior District Judge

## REPORT AND RECOMMENDATION

The plaintiff, proceeding pro se without an attorney, filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration, denying the plaintiff's claims for Supplemental Security Income benefits ("SSI") as provided by the Social Security Act.

The plaintiff filed his complaint with this Court on February 6, 2007. The defendant filed the certified transcript (Docket Entry No. 11) and supplemental transcript (Docket Entry No. 16), and an answer (Docket Entry No. 13). By order entered April 2, 2007 (Docket Entry No. 14), the plaintiff was given 30 days to file a motion for judgment on the record. The plaintiff did not file a motion for judgment on the record or move to extend the deadline to do so.

By order entered June 28, 2007 (Docket Entry No. 18), the defendant's motion for an order directing the plaintiff to show cause (Docket Entry No. 17) was granted. The June 28, 2007, order also provided that the plaintiff had two (2) weeks to move for an extension of time or to show cause why this case should not be dismissed for his failure to prosecute.

---

[1] In the caption of his complaint, the plaintiff named the defendant as the "Office of Disability Adjudication and Review." However, in the body of the complaint, the plaintiff listed the defendant as "Social Security Admin." The correct defendant is Michael J. Astrue, Commissioner of Social Security.

When the plaintiff failed to make any filing in accord with the June 28, 2007, order, the defendant filed a motion to dismiss (Docket Entry No. 20). By order entered July 30, 2007 (Docket Entry No. 21), the Court provided that the plaintiff had until August 10, 2007, to file a response to the defendant's motion to dismiss, giving the plaintiff yet another opportunity to indicate that he was interested in prosecuting this case. In that order, the Court specifically warned the plaintiff that, if he failed to make any filing by August 10, 2007, a Report and Recommendation would enter recommending that the case be dismissed and, if the recommendation were adopted, this action would be dismissed. When the plaintiff failed to file a response to the motion to dismiss, the defendant filed a second motion to dismiss (Docket Entry No. 23).

The plaintiff has not filed a motion for extension of time, made any attempt to show cause or otherwise explain why he has not filed a motion for judgment on the record, or filed a response to the motion to dismiss.

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

[i]f a party . . . fails to obey a scheduling . . . order . . ., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action.

It is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). In addition, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "failure to prosecute or to comply with these rules or any order of court." Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Bishop v. Cross, 790 F.2d 38 (6th Cir. 1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam); Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff has had ample opportunity to prosecute this case. He was well aware of his obligation to file a motion for judgment on the record and, upon the plaintiff's failure to file such a

2

motion after almost two months, the Court directed the plaintiff to show cause why the case should not be dismissed for failure to prosecute. In fact, the Court provided the plaintiff the additional opportunity to move for an extension of time, but the plaintiff failed to even seek additional time.

In addition, the plaintiff was clearly put on notice by the defendant's motion for an order to show cause and by the Court's June 28, 2007, order that the case could be dismissed for his failure to prosecute if he took no further action. The plaintiff was again expressly put on notice by the order entered July 30, 2007, that his failure to make any filings in this case would result in a recommendation that this case be dismissed, which, if adopted, would dismiss this action. Despite such notice, the plaintiff has made no filings since his original complaint and has failed to communicate with the Court in any form or fashion.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that:

1. The defendant's motions to dismiss (Docket Entry Nos. 20 and 23) be GRANTED; and

2. This action be dismissed for the plaintiff's failure to prosecute this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for his failure to comply with the orders entered April 2, 2007 (Docket Entry No. 14), June 28, 2007 (Docket Entry No. 18), and July 30, 2007 (Docket Entry No. 21) pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the

3

Case 3:07-cv-00160   Document 24   Filed 08/20/07   Page 3 of 4 PageID #: 48

District Court's order. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully Submitted,

        _____
        JULIET GRIFFIN
        United States Magistrate Judge